Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,824-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

RACQUEL MALMAY                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 348,139

Honorable Katherine C. Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Carey J. Ellis, III

RACQUEL MALMAY                               Pro Se

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

MALLORY RICHARD
SUZANNE M. WILLIAMS
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**PITMAN, J.**

A trial court convicted Defendant Racquel Malmay of felony theft and sentenced her to five years at hard labor, suspended, with three years of supervised probation. She was also ordered to pay $9,283.26 in restitution, court costs and $50 to the Indigent Defender's Office, or to serve default time of 30 days in jail. Defendant appealed, but her appellate counsel filed a motion to withdraw and a brief, in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). For the following reasons, we grant the motion to withdraw and affirm Defendant's conviction. We vacate Defendant's sentence and remand to the trial court for resentencing.

## FACTS

On May 15, 2017, the state filed a bill of information charging Defendant with felony theft in violation of La. R.S. 14:67. On September 28, 2018, it filed an amended bill of information, alleging that on or about August through December 2016, Defendant committed a theft of monies of a value between $5,000 and $25,000, belonging to Eric Odom.

A bench trial was conducted on September 28 and October 5, 2018. Eric Odom testified that he is the president of Trio Fabricators, Inc., a construction company. In the summer of 2016, he hired Defendant as a bookkeeper and to "help streamline the flow of the company," which included reviewing invoices and approving new vendors and payees. He stated that Defendant had access to the company's financial information and funds. Noting that Defendant's employment agreement was verbal and not in writing, he could not remember the exact amount Defendant was to be paid, but that $4,000 per month "sounds about right." He paid Defendant by

checks, which were written by Defendant and signed by him. He noted that there was no set time of the month that she was paid; rather, she was paid when funds were available.

Odom further testified that in December 2016, he noticed that the company had made payments from its operating account to an unknown credit card account. He asked Defendant about these payments, and she responded that the account was for a company she owned. He then terminated her employment and her access to the company's bank accounts. He noted that he never authorized Defendant to transfer money to her credit card account. He was able to cancel two $800 transfers. On the advice of his accountant, he hired Sarah Warren, who worked at his accountant's firm, to review the company's books. Based on Warren's findings, he contacted law enforcement.

Warren testified that she noticed a pattern of inconsistent and fluctuating payments made to Defendant. With respect to payroll checks, Defendant was paid $30,200 from June 21 to December 1, 2016. The total amount paid to her credit card account was $10,883.26.

Detective Jeremy Jordan of the Shreveport Police Department testified that he works within the Financial Crimes Task Force and investigated this case. He stated that from June 21 to December 1, 2016, Defendant received $30,200 in payroll and reimbursement checks. He found that this exceeded the amount Odom agreed to pay Defendant, i.e., $4,000 per month, by $2,200. He testified that from September to December 2016, $9,975 was transferred from the company's account to Defendant's credit card account. Following his investigation, he obtained a warrant for Defendant's arrest.

2

Defendant testified that she and Odom agreed that she would be paid $6,500 per month plus a percentage of receivables or sales to serve as the Chief Financial Officer of the company. She claimed that she should have been paid $45,500 for her employment from June to December 2016. She stated that the amounts she transferred to her credit card account constituted part of her salary and that she had authority to make those transactions.

After taking the matter under advisement, on October 11, 2018, the trial court found Defendant guilty of felony theft based on the electronic transfers from the company's operating account to her credit card account in the amount of $9,283.26.[1] The trial court noted that the record was not clear on the amount Defendant was to be paid per month, so it did not find that she was guilty of felony theft for the money paid to her by check.

Defendant waived sentencing delays, and the trial court sentenced her to five years at hard labor, suspended, with three years of supervised probation. It ordered Defendant to pay $9,283.26 in restitution, court costs and a $50 fee to the Indigent Defender's Office or to serve default time of 30 days in jail. It then stated that the sentence was being imposed under La. C. Cr. P. art. 893 and advised Defendant that if she successfully completed her probation and paid the restitution, fines and court costs, she could apply to have her conviction set aside and expunged. It then stated "so five years hard labor, suspended, three years supervised probation, deferred sentence."

On November 5, 2018, Defendant filed a motion to reconsider sentence, arguing that it is excessive. The trial court denied this motion on November 13, 2018.

---

[1] Although the total amount of the electronic transfers was $10,883.26, the trial court subtracted $1,600 for the two transfers Odom was able to cancel.

On January 25, 2019, the trial court granted Defendant's motion for appeal and appointed the Louisiana Appellate Project to represent her.

## DISCUSSION

Defendant's appellate counsel has filed an *Anders* brief in which he advises that he thoroughly reviewed the record and could find no nonfrivolous issues to raise on appeal. *See Anders v. California*, *supra*; *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). Accordingly, he seeks to withdraw from this case. Defendant did not file a pro se brief, and the state declined to file a brief.

Counsel's brief conforms to the procedures set forth in *Anders v. California*, *supra*; *State v. Jyles*, *supra*; *State v. Mouton*, *supra*; and *State v. Benjamin*, *supra*. It outlines the procedural history of the case and the evidence presented at trial. It contains a reviewable assessment for both Defendant and the appellate court of whether the appeal is even worth pursuing. *State v. Mouton*, *supra*. Counsel verified that he mailed copies of the appellate brief and the motion to withdraw to Defendant.

A review of the record discloses no nonfrivolous issues and no rulings that arguably support an appeal of Defendant's conviction. The record reflects that there was sufficient evidence to convict Defendant of felony theft for making unauthorized online transfers from her employer's bank account to her own credit card account. In finding Defendant guilty, the trial court reasonably rejected her testimony as not credible. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary

4

to guarantee the fundamental due process of law.  *State v. Thomas*, 50,898 (La. App. 2 Cir. 11/16/16), 209 So. 3d 234, *citing State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000).

## ERROR PATENT

We have examined the record for error patent and found two errors regarding Defendant's sentence.  La. C. Cr. P. art. 920.

*Indeterminate Sentence*

Defendant's sentence is indeterminate because it appears that the trial court both suspended and deferred the sentence.  Under La. C. Cr. P. art. 893, the trial court has discretion to suspend or defer a defendant's sentence.  La. C. Cr. P. art. 893(A) provides that after conviction of a first or second noncapital felony, the court may suspend, in whole or in part, the imposition or execution of a sentence and place the defendant on probation. La. C. Cr. P. art. 893(E)(1)(a) provides that after conviction of a first offense noncapital felony, the court may defer, in whole or in part, the imposition of sentence and place the defendant on probation.  Only deferment of sentence allows for the possibility of a subsequent expungement.  *See* La. C. Cr. P. arts. 893(E)(2).

The sentencing transcript shows that the trial court sentenced Defendant to five years at hard labor, suspended, with three years of supervised probation.  However, it then stated that it was deferring the sentence so Defendant could have the conviction set aside and expunged under La. C. Cr. P. art. 893 if she successfully completed her probation.  The trial court minutes of the sentencing hearing do not mention the five-year suspended sentence, but state, in pertinent part:

5

THE DEFENDANT WAS SENTENCED UNDER THE PROVISIONS OF ARTICLE 893 OF THE LOUISIANA CODE OF CRIMINAL PROCEDURE TO PAY COURT COSTS AND A FEE OF $50.00 TO THE INDIGENT DEFENDER'S OFFICE, OR IN DEFAULT THEREOF, TO SERVE THIRTY (30) DAYS IN THE PARISH JAIL, AND IN ADDITION, THE COURT ORDERED THE DEFENDANT PLACED ON SUPERVISED PROBATION FOR A PERIOD OF THREE (3) YEARS. (SEE SPECIAL CONDITIONS OF PROBATION). THE COURT INFORMED THE DEFENDANT OF HER RIGHT TO POST-CONVICTION RELIEF PROCEEDINGS. EXECUTION OF SENTENCE WAS DEFERRED TO MARCH 22, 2019.

Although it appears that the trial court intended to defer imposition of sentence, it imposed a hard labor sentence and suspended it. As such, we vacate Defendant's sentence and remand the matter to the trial court for resentencing. We order that the trial court minutes be amended to properly reflect Defendant's sentence. We also order that the trial court reappoint the Indigent Defender's Office to represent Defendant during resentencing.

*Indigent Defendant*

The trial court improperly ordered Defendant to pay court costs and a $50 fee to the Indigent Defender's Office or to serve 30 days in the parish jail in lieu of payment. An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs or restitution. *State v. Lewis*, 48,373 (La. App. 2 Cir. 9/25/13), 125 So. 3d 482. A defendant's indigent status in such a situation may be discerned from the record. *Id*. Where a defendant is represented at trial by the Indigent Defender's Office, or on appeal by the Louisiana Appellate Project, this court has considered it error for a trial court to impose jail time for failure to pay court costs. *Id*.

In this case, Defendant's indigent status has been shown by her representation at trial by the Indigent Defender's Office and her current representation on appeal by the Louisiana Appellate Project. Therefore, the

6

imposition of default jail time was in error. However, because we have ordered that Defendant's sentence is vacated, this issue is moot, but should be noted for purposes of resentencing.

## CONCLUSION

For the foregoing reasons, we grant appellate counsel's motion to withdraw and affirm the conviction of Defendant Racquel Malmay. We vacate her sentence and remand this case to the trial court for resentencing in accordance with this court's opinion.

**MOTION TO WITHDRAW GRANTED; CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**